UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-22890-CIV-MOORE/SIMONTON

GEORGE SCHELL, et al.,

    Plaintiffs,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

### ORDER GRANTING, IN PART, PLAINTIFFS' MOTION TO COMPEL

**Presently pending before this Court is Plaintiffs' Motion To Compel Documents and Video (DE # 19).** All discovery motions in this case are referred to the undersigned Magistrate Judge (DE # 20). The motion is fully briefed (DE ## 21, 22). For the reasons stated below, Plaintiffs' motion is granted in part.

    I. **Background**

**Plaintiffs are proceeding under a three-count Amended Complaint.** In the Amended Complaint, Plaintiffs allege that between July 16, 2010 at 10:00 p.m and July 17, 2010 at 3:00 a.m., while Plaintiffs were passengers on Defendant's vessel Carnival Legend, Plaintiffs' four-year-old daughter was sexually molested for approximately 25 minutes by another, older child while both children were taking part in Defendant's baby sitting services and child care program, Camp Carnival. Plaintiffs allege that Defendant: was negligent for allowing a sexual assault on a minor child (Count I); negligently hired, retained, trained and supervised its child care workers (Count II); and negligently misrepresented its baby sitting and child care services (Count III) (DE # 1).

    Defendant has filed an Answer to the Complaint (DE # 7).

    This motion follows.

## II. The Motion To Compel

The undersigned will examine Plaintiffs' contentions on a request by request basis.

### A. Request for Production 2

In this request, Plaintiffs asked for all videotapes of the activities which took place between July 16, 2010 at 10:00 p.m and July 17, 2010 at 3:00 a.m. in the babysitting/nursery area of the ship and/or Camp Carnival that were previously shown to Plaintiffs while they were on board the subject vessel.

Plaintiffs ask that Carnival be compelled to provide them with a copy of the real-time video of the activities which took place between July 16, 2010 at 10:00 p.m and July 17, 2010 at 3:00 a.m. in the babysitting/nursery area of the ship and or Camp Carnival, which Plaintiffs viewed on the Carnival Legend.  Plaintiffs ask for a copy of the videotape without the faces of the children pixilated out (DE # 19 at 2-5).  Carnival responded that it would produce a copy of the original tape to Plaintiffs if Plaintiffs would agree to a Confidentiality Agreement, and that, in any event, the original tape was available for inspection of the offices of Defendant's counsel at a mutually convenient date and time (DE # 21 at 2-5; Ex. C to DE # 21 ).  Plaintiffs replied that the video available at Defendant's counsel's office is not the video which Plaintiffs were shown on the Carnival Legend.  Plaintiffs further state that the parties have entered into a confidentiality agreement (DE # 22 at 1-2).

Plaintiffs' request to compel Carnival to produce a copy of the original videotape which Plaintiffs viewed on the Carnival Legend after the occurrence of the incident, is granted.  Carnival must produce the "real-time, real speed" video which Plaintiffs viewed on board the ship.  Carnival has failed to explain why the copy produced is not of the

same quality as the original video viewed by Plaintiffs and maintained on the ship, and it is reasonable to require a good quality video of the incident which forms the basis for this lawsuit.  Therefore, on or before January 3, 2011, Carnival must produce to Plaintiffs a "real-time, real speed" copy of the unredacted videotape in question.

    B.  <u>Request For Production 9</u>

In this request, Plaintiffs asked Carnival to produce all brochures and advertising materials used by Carnival to advertise the voyage in question or similar voyages within one year before the incident in question (DE # 19 at 5).  Carnival objected that the request was:  overbroad; unduly burdensome; not sufficiently limited in time and scope; irrelevant, immaterial and not reasonably calculated to lead to the discovery of relevant, material or admissible evidence (DE # 19 at 5-6).

Plaintiffs contend that these materials are relevant to the allegations in the Complaint because they contain representations about Carnival's child care and baby-sitting programs (DE # 19 at 6-11).  Plaintiffs also assert that Carnival has not shown that it would be unduly burdensome to produce the requested materials (DE # 19 at 11-12).

Carnival responds that it does not dispute that brochures and advertising materials may be relevant to Plaintiffs' claims, but that the request is overbroad in time and unduly vague as it refers to similar voyages (DE # 21 at 5).  Carnival agrees that all brochures and advertising materials provided to Plaintiffs are relevant, and that it will provide all such documents (DE # 21 at 5-6).

Plaintiffs reply that the request is not limited to the documents which were actually provided to Plaintiffs about the subject voyage, but also includes documents that could have been provided to Plaintiffs about the subject voyage.  Plaintiffs agree that advertising materials or brochures which were directed only to other or similar

voyages need not be produced, but materials which were directed to many voyages, including the voyage at issue in this litigation, should be produced (DE # 22 at 3).

Plaintiffs' request to compel a better response to Request 9 is granted in part. On or before January 3, 2011, Carnival must produce to Plaintiffs all brochures and advertising materials used by Carnival to advertise the voyage in question within one year before the incident in question. Carnival need not produce brochures and advertising materials used by Carnival to advertise other voyages, if such documents did not include the voyage at issue.

C. <u>Request for Production 19</u>

In this request, Plaintiffs requested all minutes of department and safety meetings held on the subject cruise, limited to a period of 5 years before the incident through 1 year after the incident (DE # 19 at 12). Carnival objected that the request was: overbroad; unduly burdensome; not sufficiently limited in time and scope; irrelevant, immaterial and not reasonably calculated to lead to the discovery of relevant, material or admissible evidence. Carnival further requested that if the objections were overruled, Plaintiffs should be ordered to pre-pay the costs and fees which Carnival will incur to search for and produce responsive documents (DE # 19 at 12).

In their motion, Plaintiffs propose a compromise, to limit the time frame for production of all minutes to two years before the incident in question (DE # 19 at 13).

Carnival objects to Plaintiffs' refusal to limit their request to meetings during which relevant issues were discussed (DE # 21 at 6-7). Carnival suggests that because Plaintiffs do not trust Carnival to provide all relevant documents, the Court should review the requested documents for relevance. Carnival also agrees to limiting the time frame for production of all minutes to two years before the incident in question (DE # 21

4

at 7).

Plaintiffs reply that the request is limited to meetings conducted only on the Carnival Legend, for the period of two years before the incident in question. Plaintiffs admit that some of the minutes may not be relevant, but that Plaintiffs will review the materials to determine relevance. Plaintiffs also contend that production would not be unduly burdensome, as the minutes are typed and maintained on computers (DE # 22 at 4-6).

Plaintiffs' request to compel a better response to this request for production is granted in part. On or before January 3, 2011, Carnival shall provide Plaintiffs with all minutes of department and safety meetings held on the Carnival Legend limited to a period from 2 years before the incident., and which in any way reference children or sexual misconduct. This restriction should ensure the production of any arguably relevant minutes, and protect the interests of Carnival with respect to the overbreadth of the request. Due to this limitation, and since no privilege has been asserted, there is no need for the undersigned to examine two years of minutes for relevance. The parties are placed on notice that this ruling is not a ruling on the admissibility at trial or on summary judgment of any of the documents produced.

Therefore, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion To Compel Documents and Video (DE # 19), is **GRANTED in part**. As stated in the body of this Order, on or before January 3, 2011, Carnival shall provide Plaintiffs with 1) the unredacted "real-time real speed" videotape at issue; 2) all brochures and advertising materials used by Carnival to advertise the voyage in question within one year before the incident in question; and 3)

all minutes of department and safety meetings held on the Carnival Legend, limited to a period from 2 years before the incident, and which in any way reference children or sexual misconduct.

**DONE AND ORDERED** in chambers, in Miami, Florida, on December 21, 2010.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable K. Michael Moore,
　　United States District Judge
All counsel and parties of record